IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

WALTER G.,[1]

               Plaintiff,

    v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

               Defendant.

No. 6:23-cv-01694-YY

OPINION AND ORDER

YOU, Magistrate Judge,

Plaintiff Walter G. seeks judicial review of the Social Security Commissioner ("Commissioner")'s final decision denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA"). 42 U.S.C. §§ 401–33. This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3). For the reasons set forth below, the Commissioner's decision is REVERSED and this case is REMANDED for further proceedings.

**PROCEDURAL HISTORY**

Plaintiff filed an application for DIB on February 18, 2020, alleging a disability onset date of December 23, 2019. Tr. 211-18. The Commissioner denied Plaintiff's claim initially and on reconsideration. Tr. 66-78, 80-100. Plaintiff filed a written request for a hearing, and a

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 – OPINION AND ORDER

hearing was held before Administrative Law Judge Mark Triplett in August, 2022. Tr. 32-64. The ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 12–31. The Appeals Council denied Plaintiff's request for review on September 18, 2023. Tr. 1–6. Thus, the ALJ's decision is the Commissioner's final decision and subject to review by this Court. 42 U.S.C. § 405(g); 20 C.F.R. § 422.210.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1150 (2019) (internal quotation marks omitted). This court must weigh the evidence that supports and detracts from the ALJ's conclusion and " 'may not affirm simply by isolating a specific quantum of supporting evidence.' " *Garrison v. Colvin*, 759 F.3d 995, 1009–10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). This court may not substitute its judgment for that of the Commissioner when the evidence can reasonably support either affirming or reversing the decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see also Lingenfelter*, 504 F.3d at 1035.

## SEQUENTIAL ANALYSIS AND ALJ FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death

or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999)).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 23, 2019, the alleged onset date. Tr. 18. At step two, the ALJ found Plaintiff had the following severe, medically determinable impairments: Left Shoulder Adhesive Capsulitis; Status-Post Stroke; Morbid Obesity; and Lower Extremity Edema (left worse than right). Tr. 18. At step three, the ALJ found no impairment met or equaled the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 19. The ALJ assessed that Plaintiff's residual functional capacity ("RFC") as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally push/pull with the left, non-dominant upper extremity. The claimant can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can occasionally reach overhead with the left, non-dominant upper extremity. The claimant can frequently, but not constantly, handle, finger, and feel with the left, non-dominant upper extremity.

Tr. 20.

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. Tr. 24. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and residual functional capacity, jobs exist in significant numbers in the national economy that Plaintiff can perform, such as cashier, ticket seller, and mail clerk. Tr. 25. The ALJ therefore found Plaintiff not disabled. Tr. 25.

3 – OPINION AND ORDER

**DISCUSSION**

Plaintiff argues that the ALJ erred by (1) improperly discounting his symptom testimony, (2) failing to properly evaluate the medical opinions of the State agency medical consultants, and (3) failing to identify a significant number of jobs that Plaintiff could perform at step five.

**I.    S**ubjective Symptom Testimony

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms alleged, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of ... symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (citation omitted). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which ... testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). The ALJ need not "perform a line-by-line exegesis of the claimant's testimony" or "draft dissertations when denying benefits." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). But Ninth Circuit law "plainly requires" that an ALJ do more than "offer[ ] non-specific conclusions that [the claimant's] testimony [is] inconsistent with [certain evidence]." *Id.* (citations omitted). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

In evaluating a claimant's subjective symptom testimony, an ALJ may consider whether it is consistent with objective medical evidence. 20 C.F.R. §§ 404.1529(c)(1)-(3), 416.929(c)(1)-

(3); SSR 16-3p, *available at* 2017 WL 5180304, at *7-8. The lack of objective medical evidence may not form the sole basis for discounting a claimant's testimony. *Tammy S. v. Comm'r Soc. Sec. Admin.*, No. 6:17-cv-01562-HZ, 2018 WL 5924505, at *4 (D. Or. Nov. 10, 2018) (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("[T]he Commissioner may not discredit [a] claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.")). However, "[w]hen objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (emphasis in original).

Effective March 28, 2016, the Commissioner superseded Social Security Ruling ("SSR") 96-7p, governing the assessment of a claimant's "credibility," and replaced it with SSR 16-3p. *See* SSR 16-3p, *available at* 2016 WL 1119029. SSR 16-3p eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms. *Id.* at *1-2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4

In considering Plaintiff's testimony, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms and did not identify evidence of malingering. Tr. 21. However, the ALJ concluded that Plaintiff's statements

5 – OPINION AND ORDER

concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 21.

Plaintiff identifies discrete parts of his testimony that he argues the ALJ either failed to address or discounted for insufficient reasons. First, Plaintiff highlights that, at the hearing, he testified he needs to rest an hour once a day. Tr. 338. Plaintiff also testified he is not very good at reaching for things. Tr. 53. The ALJ acknowledged this latter testimony, noting that Plaintiff has trouble "using his left arm to reach but says there is no issue using his left hand." Tr. 21. However, the ALJ otherwise erred, as discussed below.

    A.  Need to Rest One Hour Daily

The ALJ erred by failing to address Plaintiff's testimony that he needs to rest one hour per day. Social Security regulations require ALJs to consider evidence they receive from claimants about their symptoms and limitations when evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1513(4) (defining "evidence from nonmedical sources"), 404.1520(3)("We will consider all evidence in your case record when we make a determination[.]"), 404.1520b ("After we review all of the evidence relevant to your claim, we make findings about what the evidence shows."), 404.1529(c)(3) ("[W]e will carefully consider any other information you may submit about your symptoms."), 404.1545(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence."). The Ninth Circuit has emphasized that an ALJ may not reject "significant probative evidence" without explanation. *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).

Here, Plaintiff testified that he needs a one-hour nap every day, Tr. 338, which (if taken during the work day) would preclude him from performing the jobs identified by the VE at step five. *See* Tr. 62 (recognizing that an individual being off task more than 15% of a workday

would not be able to perform identified jobs). Defendant acknowledges the ALJ did not address this testimony at all, but argues that Plaintiff's fatigue evidence is "neither significant nor probative." *See* Def. Br., ECF No. 16 at 4-5. Defendant is incorrect. First, the evidence is significant and relevant to Plaintiff's disability claim; if he indeed needed to rest for an hour during each work day, he would be unable to perform the jobs identified by the VE at step five. *See* Tr. 61-62. Second, Defendant's arguments about the strength of the evidence are impermissible *post hoc* rationalizations that the Court cannot consider on appeal. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226-27 (9th Cir. 2009).[2] Because Plaintiff's symptom testimony bore on his ability to work, and the ALJ failed to address it or provide a clear and convincing reason for discounting it, the ALJ erred.

### B. Plaintiff's Left-Sided Reaching Testimony

The ALJ failed to articulate a clear and convincing reason to discount Plaintiff's allegations about difficulty reaching with his left arm. At the hearing, Plaintiff testified that he cannot reach very well with his left arm. Tr. 53. The ALJ acknowledged this testimony, but did not cite any portion of the medical record that directly undermined it. Tr. 20-21.

When discounting symptom testimony, an ALJ's decision "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir. 1991). In this context, that means an ALJ must

---

[2] Defendant identifies several aspects of the medical record that might undermine this testimony. *See* Def. Br. at 5 (citing treatment records where Plaintiff denied fatigue, conflicting function reports, and lack of fatigue testimony at the hearing). Because the ALJ did not rely on any of these bases, the Court will not consider them here.

7 – OPINION AND ORDER

"identify the testimony he found not credible," and "link that testimony to the particular parts of the record supporting his non-credibility determination." *Brown-Hunter*, 806 F.3d at 494.

The ALJ failed to do so here. The ALJ noted Plaintiff's testimony about left shoulder limitations, but did not identify what objective medical evidence undermined it. Tr. 21-22. He discounted State agency medical opinions about Plaintiff's inability to reach overhead with his left arm, but never addressed Plaintiff's own testimony about this limitation. That leaves this reviewing court to surmise what "particular parts of the record support[ed the ALJ's] non-credibility determination." *Brown-Hunter*, 806 F.3d at 494. Failure to provide such clear analysis is error, and thus the ALJ did not provide a sufficiently clear and convincing reason for discounting Plaintiff's symptom testimony about this limitation.

## II.   Medical Opinion Evidence

When evaluating medical opinion evidence for claims filed on or after March 27, 2017, ALJs must apply 20 C.F.R. § 404.1520c for Title II claims and 20 C.F.R. § 416.920c for Title XVI claims. Under these regulations, ALJs no longer "weigh" medical opinions, but rather determine which are most "persuasive." 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b). To that end, controlling weight is no longer given to any medical opinion. *Revisions to Rules*, 82 Fed. Reg. at 5867-68; *see also* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the Commissioner evaluates the persuasiveness of medical opinions based on (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(a), (c)(1)-(5), 416.920c(a), (c)(1)-(5).

The factors of "supportability" and "consistency" are considered to be "the most important factors" in the evaluation process. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability means the extent to which a medical source supports the medical opinion by explaining the "relevant . . . objective medical evidence." *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)(1)). Consistency means the extent to which a medical opinion is "consistent . . . with the evidence from other medical sources and nonmedical sources in the claim." *Id.* (citing 20 C.F.R § 404.1520c(c)(2)).

An ALJ must articulate how persuasive the ALJ finds the medical opinions and explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b); *see Tyrone W. v. Saul*, No. 3:19-CV-01719-IM, 2020 WL 6363839, at *7 (D. Or. Oct. 28, 2020). "The ALJ may but is not required to explain how other factors were considered, as appropriate, including relationship with the claimant (length, purpose, and extent of treatment relationship; frequency of examination); whether there is an examining relationship; specialization; and other factors, such as familiarity with other evidence in the claim file or understanding of the Social Security disability program's policies and evidentiary requirements." *Linda F. v. Comm'r Soc. Sec. Admin.*, No. C20-5076-MAT, 2020 WL 6544628, at *2 (W.D. Wash. Nov. 6, 2020). However, ALJs are required to explain "how they considered other secondary medical factors [if] they find that two or more medical opinions about the same issue are equally supported and consistent with the record but not identical." *Tyrone W.*, 2020 WL 6363839, at *6 (citing 20 C.F.R. §§ 404.1520c(b)(2) and 404.1520c(b)(3)).

Furthermore, the court must continue to consider whether the ALJ's decision is supported by substantial evidence. *See Revisions to Rules*, 82 Fed. Reg. at 5852 ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we

gave treating source opinions, rather than on whether substantial evidence supports our final decision."); *see also* 42 U.S.C. § 405(g).

Plaintiff argues the ALJ erred by finding the medical opinions of State agency medical consultants Dr. Davidson and Dr. Alberty only partially persuasive. Pl. Br. 8-15. Both doctors opined that Plaintiff could never reach overhead or do any overhead work with his left arm. Tr. 88, 95. Both doctors also opined that due to Plaintiff's medically determinable impairments, he could only occasionally reach to the front and laterally. Tr. 88, 95.

The ALJ found these opinions unpersuasive "because they are not supported by objective medical evidence or longitudinal treatment records." Tr. 22. He first noted the opinion that Plaintiff could "never" reach overhead or do overhead work was backed up by only "a single examination suggestive of adhesive shoulder capsulitis" and Plaintiff was being treated conservatively for it. Tr. 22, 516. With only this to go on, it was reasonable for the ALJ to conclude that an opinion that Plaintiff should "never" reach overhead with his left arm lacked significant support from the record.

Addressing consistency, the ALJ noted Plaintiff's primary care doctor concluded that Plaintiff could reach in all directions either "frequently" or "constantly," just one month after Plaintiff's symptoms were found to be suggestive of adhesive capsulitis. Tr. 22-23, 516-18, 764-65. Such evidence was inconsistent with a blanket limitation on overhead reaching, and it was reasonable for the ALJ to rely on this inconsistency to partially discount the State agency doctors' opinions. Because the ALJ considered both the consistency and supportability of the State agency medical doctors' opinions, and supported his conclusions with substantial evidence, the ALJ did not err in finding them only partially persuasive.

**III.    Step Five**

Finally, Plaintiff argues the ALJ erred by failing to identify a sufficient number of jobs he could actually perform that exist in the national economy. Pl. Br. 15-16. Plaintiff's step five arguments depend on his testimony about difficulty reaching with his left hand and need for a one-hour rest during the day. *Id.* (citing, Tr. 61-62). Because this case is being remanded with instructions for the ALJ to reconsider this testimony, it is unnecessary to decide whether the jobs the Commissioner identified at step five satisfied his burden.

**IV.    Remand**

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan*, 246 F.3d at 1210. Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Social Security Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). The court first determines whether the ALJ made a legal error and then reviews the record as a whole to determine whether the record is fully developed, the record is free from conflicts and ambiguities, and there is any useful purpose in further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Only if the record has been fully developed and there are no outstanding issues left to be resolved does the

district court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Id.* If so, the district court can exercise its discretion to remand for an award of benefits. *Id.* The district court retains flexibility, however, and is not required to credit statements as true merely because the ALJ made a legal error. *Id.* at 408.

The ALJ committed harmful error by failing to provide specific, clear, and convincing reasons to reject Plaintiff's subjective symptom testimony, as discussed above. After reviewing the record, however, conflicts and ambiguities remain between the medical record and testimony regarding whether Plaintiff's left-arm reaching limitations and need to rest during the day rendered him totally unable to work during the relevant period. The Commissioner's decision is reversed, and this case is remanded for further proceedings so that the ALJ can adequately evaluate Plaintiff's testimony, reformulate the RFC if necessary, and seek further VE testimony at step five if necessary.

## CONCLUSION

For the reasons given above, the Commissioner's decision is reversed and remanded for further proceedings.

IT IS SO ORDERED.

DATED April 17, 2024.

/s/ Youlee Yim You
_____
Youlee Yim You
United States Magistrate Judge